IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| **BRADLEY BAXTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. _____** |
| | ) | |
| **v.** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| **DOT FOODS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** Bradley Baxter ("Plaintiff" or "Mr. Baxter"), by and through his undersigned counsel, to hereby file this complaint against Dot Foods, Inc. ("Defendant" or "Dot Foods") as follows:

## I. JURISDICTION & VENUE

1.    Mr. Baxter files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Acts of Congress known as the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq.* to obtain equitable relief, the costs of suit, including costs, attorney's fees and damages suffered by the Plaintiff, due to the Defendant's actions taken against Plaintiff.

1

2.     Mr. Baxter filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Atlanta, Georgia on February 14, 2023.  The EEOC issued Mr. Baxter a Determination of Rights on September 27, 2023, giving him the right to pursue his claims in federal court for ninety (90) days after his receipt of the Determination of Rights.  (Exhibit A).

3.     Venue is proper in the Statesboro Division of the Southern District of Georgia, since the Defendant is located in Toombs County, Georgia.

4.     The Defendant may be served through its registered agent at The Corporation Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

## II.  PARTIES

5.     The Plaintiff, Mr. Baxter, is a citizen of the United States and a resident of the State of Georgia.  Mr. Baxter is over the age of nineteen (19) years.

6.     The Defendant, Dot Foods, is a business entity located in Toombs County, Georgia.  At all times relevant to this complaint, Mr. Baxter was employed by Dot Foods.

## III.  STATEMENT OF FACTS

7.     Mr. Baxter was hired as a full-time delivery driver for Dot Foods on July 15, 2013, and worked his way up in the company to the position of in-house trainer.

8.     On or about May 5, 2021, Mr. Baxter was diagnosed with a bone infection in his foot and began medical treatment.   Around the same time, Mr. Baxter's physician ordered him to keep weight off his foot.

9.     As a result, Mr. Baxter took a medical leave of absence from his employment at Dot Foods through approximately April 2022, when Mr. Baxter was instructed to return to work or be terminated from his employment.

10.    Mr. Baxter's physician informed him that returning to work could undo his treatment and healing process if he put too much weight on his foot. However, Mr. Baxter requested to return to work because he did not want to lose his employment and could complete the necessary functions and duties of his job with a reasonable accommodation.

11.    Prior to returning to work in April 2022, Mr. Baxter requested an accommodation to allow him to continue working without harming his foot. However, upon his return to work, Mr. Baxter was not provided with any accommodation for his foot.

12.    As an in-house trainer, Mr. Baxter's position did not require much physical labor.  Therefore, Mr. Baxter believed an accommodation would have been possible and that granting him an accommodation would not have been an undue hardship for Dot Foods.

13.    Because his initial request was denied, Mr. Baxter spoke with Tim Turxel, General Manager; Wendy Nolen, Human Resources Manager; and George Garvitt, Director of Transportation, to request access to a training room that was accessible without using stairs, as had been done in the past.  However, Dot Foods again denied Mr. Baxter's request for an accommodation.

14.    As a result of Dot Foods not providing Mr. Baxter with an accommodation for his disability, Mr. Baxter's foot condition became worse and he required surgery to amputate part of his foot.

15.    Mr. Baxter intended to wait until he was again eligible for leave under the FMLA to schedule his surgery.  However, Mr. Garvitt and Ms. Nolen encouraged Mr. Baxter to schedule his surgery before he was eligible for FMLA leave and informed Mr. Baxter that his job was secure.

16.    As a result, the surgery to amputate a portion of Mr. Baxter's foot occurred on or about August 31, 2022.

17.    Mr. Baxter fully intended on returning to his position after he healed from surgery, but before he was able to return to work, he was informed by Mr. Garvitt that his position was purportedly being eliminated.

18.    As a result, Mr. Baxter was terminated from his employment at Dot Foods on or about December 12, 2022.

19.     However, upon information and belief, Mr. Baxter's position was not eliminated, and another employee, Randall Taylor, was transferred into Mr. Baxter's position but given a different job title.

20.     Based on the foregoing, Mr. Baxter was subjected to illegal discrimination based on his disability and denied reasonable accommodations, in violation of the ADA.  In addition, Dot Foods interfered with Mr. Baxter's right to take FMLA leave when it encouraged him to proceed with his surgery before he became eligible for FMLA leave, thereby preventing him from taking leave under the FMLA, as needed, in the future.   Any other reason(s) proffered by Dot Foods for Mr. Baxter's termination is pretextual.

21.     A convincing mosaic of evidence exists to demonstrate that Ms. Baxter was subjected to intentional discrimination by Dot Foods when it terminated him from his position of employment.

22.     As a result of Dot Foods' actions, Mr. Baxter has lost wages and benefits and incurred costs and fees.  Mr. Baxter has also suffered severe mental and emotional distress.

## IV.  PLAINTIFF'S  CAUSES OF ACTION

### COUNT ONE – DISCRIMINATION & DENIAL OF A REASONABLE ACCOMMODATION UNDER THE ADA

23.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 22 above, the same as if more fully set forth herein and further avers that

the Defendant failed to accommodate Plaintiff's disability by willfully, and/or maliciously, denying Plaintiff a reasonable accommodation, due to Plaintiff's disability as above described.

24.    Plaintiff avers that Defendant's discrimination against him, due to his disability, violated the ADA, 42 U.S.C. § 12101, *et seq*.

25.    Plaintiff has lost wages and benefits and suffered extreme mental anguish as a result of Defendant's actions.

26.    Plaintiff avers that he has pursued and exhausted his administrative remedies.

### COUNT TWO - INTERFERENCE UNDER THE FMLA

31.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him interfered with his rights to benefits under the FMLA.

32.    Plaintiff avers that Defendant interfered with his right to take leave under the FMLA when it encouraged him to proceed with surgery before he was eligible for FMLA leave, thereby preventing him from taking leave under the FMLA, as needed, in the future.

33.    As a proximate cause of Defendant's afore-described actions of interfering with the Plaintiff's rights to FMLA benefits, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 22 above.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)    Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's disabilities and denied him a reasonable accommodation, in violation of the ADA;

b)    Judgment declaring that the Defendant interfered with Plaintiff's rights to take protected leave, in violation of the FMLA;

c)    An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of discrimination and retaliation, effective from the date of final judgment;

d)    An order reinstating Plaintiff to his position of employment.

e)    An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled to under the ADA;

f)      An award of punitive damages, due to the egregious nature of the

color discrimination and retaliation practiced against Plaintiff so

openly tolerated, ratified and acquiesced in by the Defendant;

g)      An award of liquidated damages equal to Plaintiff's lost compensation

plus interest, for violating the FMLA;

h)      An award of all court costs and attorney's fees, including those

incurred for seeking administrative relief; and

i)      Such further, other and different relief as the Court may deem

appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 14th day of December 2023.


By:    _/s/ Sheri Bagheri [1]_____

Sheri Bagheri
HKM Employment Attorneys, LLP
3344 Peachtree Road NE, Suite 800 (Office #35)
Atlanta, Georgia 30326
Telephone: 404-618-3966
sbagheri@hkm.com


_/s/ Chase Estes[2]_____

---

[1] Designated Local Counsel
[2] Chase Estes will promptly and no later than ten (10) days after this filing, file for admission pro hac vice as an attorney of record in this action.   Mr. Estes is

Chase Estes
HKM Employment Attorneys, LLP
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Telephone: 205-855-5284
cestes@hkm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1 (D) NDGa, the undersigned hereby certifies that this response complies with the font requirements of L.R. 5.1 (C) NDGa because this document has been prepared in Times New Roman, 14-point type.

By: */s/ Sheri Bagheri*
Counsel for Plaintiff

---

admitted to practice law before the United States District Court for the Northern District of Georgia where he regularly practices law.