**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | | |
|---|---|---|
| BRADLEY BAXTER,<br><br>Plaintiff,<br><br>v.<br><br>DOT TRANSPORTATION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:23-cv-00073-JRH-BKE<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT DOT TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant Dot Transportation, Inc. ("Defendant" or "Dot Transportation"), by and through its undersigned counsel, and for its Answer and Affirmative and Additional Defenses to the Amended Complaint [ECF No. 8] filed by Plaintiff Bradley Baxter ("Plaintiff" or "Mr. Baxter"), states as follows:

**"I. JURISDICTION & VENUE"**

1. Defendant admits only that, through the Amended Complaint, Plaintiff attempts to assert a claim against Dot Transportation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. (the "ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq*. (the "FMLA"). Except as expressly admitted herein, Defendant denies the allegations contained in

Paragraph 1 and states that Dot Transportation has committed no wrongdoing whatsoever and is not liable to Plaintiff under any legal theory.

2. Defendant admits only that Plaintiff filed a charge of discrimination and attached a purported "Notice of Right to Sue" as Exhibit A to the Amended Complaint. The purported Notice of Right to Sue speaks for itself and is the best evidence of its contents. Defendant denies any allegations contained in Paragraph 2 that are inconsistent therewith. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 2.

3. The allegations contained in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 3.

4. Defendant admits only that it may be served through its registered agent. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 4.

**"II. PARTIES"**

5. Defendant lacks the knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 and, therefore, denies the same.

6. Defendant admits the allegations in Paragraph 6.

## "III. STATEMENT OF FACTS"

7. Defendant admits only that Plaintiff was hired as a delivery driver in or around July 2013 and that his final position with the Defendant was In-House Driver Trainer. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 7.

8. Defendant lacks the knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 and, therefore, denies the same.

9. Defendant admits only that Mr. Baxter took a medical leave of absence from his employment at Dot Transportation from approximately May of 2021 until approximately April 1, 2022. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 9.

10. Defendant lacks the knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the same.

11. Defendant denies each and every allegation contained in Paragraph 11.

12. Defendant denies each and every allegation contained in Paragraph 12.

13. Defendant denies each and every allegation contained in Paragraph 13.

14. Defendant denies each and every allegation contained in Paragraph 14.

15. Defendant admits only that Mr. Baxter was not eligible for leave under the FMLA at the time he scheduled and underwent surgery. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 15.

16. Defendant lacks the knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 and, therefore, denies the same.

17. Defendant denies each and every allegation contained in Paragraph 17.

18. Defendant admits only that Plaintiff's employment with Dot Transportation ended on or about December 12, 2022. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 18.

19. Defendant denies each and every allegation contained in Paragraph 19.

20. Defendant denies each and every allegation contained in Paragraph 20.

21. Defendant denies each and every allegation contained in Paragraph 21.

22. Defendant denies each and every allegation contained in Paragraph 22.

**"IV. PLAINTIFF'S CAUSES OF ACTION"**

**"COUNT ONE – DISCRIMINATION & DENIAL OF A REASONABLE ACCOMMODATION UNDER THE ADA"**

23. Defendant repeats, restates, and incorporates by reference its responses to Paragraphs 1 through 22 of the Amended Complaint as though fully set forth herein and further denies each and every additional allegation contained in Paragraph 23.

24. Defendant denies each and every allegation contained in Paragraph 24.

25. Defendant denies each and every allegation contained in Paragraph 25.

26. Defendant denies each and every allegation contained in Paragraph 26.

**"COUNT TWO – INTERFERENCE UNDER THE FMLA"**

31. Defendant repeats, restates, and incorporates by reference its responses to Paragraphs 1 through 22 of the Amended Complaint as though fully set forth herein and further denies each and every additional allegation contained in Paragraph 31.[1]

32. Defendant denies each and every allegation contained in Paragraph 32.

33. Defendant denies each and every allegation contained in Paragraph 33.

## **"PRAYER FOR RELIEF"**

Defendant denies that Plaintiff is entitled to any of the relief sought in the Amended Complaint, including, without limitation, each and every claim for relief set forth in the "PRAYER FOR RELIEF" section following Paragraph 33 of Plaintiff's Amended Complaint, including all subparts.

* * *

Defendant Dot Transportation, Inc. denies each alleged violation of law and also denies each allegation that is not specifically answered otherwise.

[1] Plaintiff's Amended Complaint contains no paragraphs numbered 27, 28, 29 or 30.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

While continuing to deny the material allegations contained in Plaintiff's Amended Complaint and each and every allegation of the Amended Complaint not specifically admitted herein, Defendant Dot Transportation, Inc. ("Defendant" or "Dot Transportation") asserts the following affirmative and additional defenses. By setting forth these defenses, Dot Transportation does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other deficiencies, he has not alleged and cannot allege or demonstrate facts showing that he was discriminated against because of his purported disability nor that he was denied a reasonable accommodation for any purported disability.

### Second Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other deficiencies, he has not alleged and cannot allege or demonstrate facts showing that he was eligible for (or otherwise entitled to) benefits under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1) *et seq.*,

nor that he was terminated in order for Dot Transportation to avoid having to provide Plaintiff with FMLA leave once he became eligible.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**Fourth Defense**

Plaintiff's claims fail because, among other reasons, all of the actions taken by Dot Transportation with respect to Plaintiff were justified by legitimate, non-discriminatory, business reasons including, but not limited to, Plaintiff's exhaustion of FMLA and short-term disability leave without a return-to-work date.

**Fifth Defense**

Dot Transportation has complied with all laws and regulations and has otherwise satisfied its statutory obligations towards Plaintiff. Dot Transportation engaged in no wrongdoing whatsoever.

**Sixth Defense**

Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

**Seventh Defense**

Plaintiff's claims are barred by his own wrongful or inequitable conduct under the doctrine of unclean hands and/or *in pari delicto*.

## Eighth Defense

Plaintiff's own actions and/or inactions, including, but not limited to, Plaintiff's exhaustion of FMLA and short-term disability leave without a return-to-work date, caused and contributed to any damages he claims to have suffered.

## Ninth Defense

To the extent that Plaintiff has suffered any damages, they were not caused by Dot Transportation, and Plaintiff has failed to mitigate his damages by, among other things, failing to seek and/or maintain comparable employment.

## Tenth Defense

Plaintiff's claims are barred by the after-acquired evidence doctrine.

## Eleventh Defense

Plaintiff failed to comply with his obligations under the FMLA and, therefore, his claims are barred.

## Twelfth Defense

Plaintiff's claims are barred because Defendant maintained reasonable procedures to ensure compliance with the FMLA.

## Thirteenth Defense

Plaintiff has failed to state any claim upon which relief can be granted because his termination was not caused by any FMLA-protected leave or request for leave. Indeed, Plaintiff was not eligible for FMLA benefits at the time of his surgery or at

any time during his subsequent absence, and Dot Transportation did not terminate Plaintiff in order to avoid having to provide him with FMLA leave once Mr. Baxter became eligible.

**Fourteenth Defense**

At all times relevant to this action, Plaintiff was provided with all leave to which he was entitled under the FMLA, and Dot Transportation never interfered with Plaintiff's right, or future right, to take FMLA-protected leave.

**Fifteenth Defense**

Any claim for punitive damages alleged by Plaintiff is barred by Amendments V, VI, VII, IX, and XIV of the United States Constitution, and, as applicable, any corresponding provisions of the Georgia Constitution, in that, *inter alia*, punitive damages are penal in nature and amount to a criminal fine, constitute an unlawful taking, violate due process, and the guidelines, standards, and/or instructions for imposition of any such damages are vague, indefinite, and without proper limits. Further, any claim for punitive damages alleged by Plaintiff also fails as a matter of law because Plaintiff cannot establish that Dot Transportation knowingly violated his civil rights.

**Sixteenth Defense**

Plaintiff's claim for punitive damages is barred to the extent it relates to his claimed failure to accommodate under the ADA, since Dot Transportation made

good faith efforts in consultation with Plaintiff to identify and make a reasonable accommodation.

**Seventeenth Defense**

Plaintiff's claims are barred to the extent they fail to meet all prerequisites for bringing suit, including, but not limited to, Plaintiff's failure to file a timely Charge of Discrimination, failure to include the foregoing allegations in his Charge of Discrimination, and/or failure to attempt to conciliate or to conciliate in good faith.

**Eighteenth Defense**

Even if Defendant is found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no impermissible factor caused or motivated such decisions or actions, and Defendant would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factor.

**Nineteenth Defense**

To the extent Plaintiff seeks relief based on any workplace accommodations that were not granted, such accommodations were never requested by Plaintiff, were not reasonable, and/or would have caused an undue hardship for Dot Transportation.

**Twentieth Defense**

Any damages awarded herein (for which all liability is denied) are subject to any applicable damages limit or cap, as provided by law, including, but not limited

to, the caps on damages contained in the ADA or any other applicable federal or state law.

**Twenty-First Defense**

Plaintiff is not entitled to a jury trial on any claim for equitable relief.

**Twenty-Second Defense**

Plaintiff's claims are barred to the extent they purport to assert unlawful employment practices outside the relevant limitations period for Plaintiff's charge of discrimination filed on February 14, 2023.

**Twenty-Third Defense**

Plaintiff's claims for employment benefits are barred or reduced to the extent that, at all relevant times, Plaintiff's spouse was an employee of Dot Transportation or one of its affiliates and, as such, Plaintiff has maintained, and never lost, any medical, dental, vision, or other employee benefits.

**RESERVATION**

Dot Transportation reserves the right to amend or supplement its Affirmative and Additional Defenses as appropriate and as it learns of additional defenses through discovery.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Dot Transportation hereby demands a trial by jury as to all issues properly so triable.

WHEREFORE, having fully responded to the allegations in Plaintiff's Amended Complaint, Defendant Dot Transportation, Inc. prays that this Court dismiss the Amended Complaint with prejudice, order that Plaintiff takes nothing on his claims against Dot Transportation, award Dot Transportation its fees and costs incurred herein, and grant such other and further relief to Dot Transportation as the Court deems just and proper under the circumstances.

Dated: January 23, 2024

Respectfully submitted,

By: /s/ Gary R Kessler

Gary R. Kessler
Georgia Bar No. 416562
**GARY R. KESSLER, P.C.**
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Telephone: (404) 909-8100
Facsimile: (404) 909-8120
gkessler@martensonlaw.com

-and-

Brian P. Pezza, *pro hac vice forthcoming*
Taylor J. Essner, *pro hac vice forthcoming*
**LEWIS RICE LLC**

600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7656
Facsimile: (314) 612-7656
bpezza@lewisrice.com
tessner@lewisrice.com

*Attorneys for Defendant*
*Dot Transportation, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1 (D) N.D.Ga, the undersigned hereby certifies that this response complies with the font requirements of L.R. 5.1 (C) N.D.Ga because this document has been prepared in Times New Roman, 14-point type.

By: /s/ Gary R. Kessler
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant hereby certifies that on January 23, 2024, the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Georgia using the CM/ECF system, which will send electronic notice and service of the same to all counsel of record.

Sheri Bagheri
HKM Employment Attorneys, LLP
3344 Peachtree Road NE, Suite 800 (Office #35)
Atlanta, Georgia 30326
Telephone: 404-618-3966
Email: sbagheri@hkm.com

Chase Estes
HKM Employment Attorneys, LLP
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Telephone: 205-855-5284
Email: cestes@hkm.com

/s/ Gary R. Kessler
Attorney for Defendant