**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA STATESBORO DIVISION**

| | | |
|---|---|---|
| **BRADLEY BAXTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 6:23-CV-73-JRH-BKE** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DOT TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# RULE 26(f) REPORT

1. Date of Rule 26(f) conference: **February 21, 2024**

2. Parties or counsel who participated in conference:

   **Chase Estes, Counsel for the Plaintiff**

   **Brian Pezza and Taylor Essner, Counsel for the Defendant**

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

   **The Defendant has been served.**

4. Date the Rule 26(a)(l) disclosures were made or will be made:

   **March 6, 2024**

5. If any party objects to making the initial disclosures required by Rule 26(a)(l) or proposes changes to the timing or form of those disclosures,

   (a) Identify the party or parties making the objection or proposal:

**Not applicable.**

(b) Specify the objection or proposal:

**Not applicable.**

6. The Local Rules provide a l40-day period for discovery. If any party is requesting additional time for discovery,

(a) Identify the party or parties requesting additional time:

**Both the Plaintiff and Defendant request additional time for discovery.**

(b) State the number of months the parties are requesting for discovery: **6 months (180 days)**

(c) Identify the reason(s) for requesting additional time for discovery:

_____ Unusually large number of parties

_____ Unusually large number of claims or defenses

_____ Unusually large number of witnesses

_____ Exceptionally complex factual issues

_____ Need for discovery outside the United States

__X__ Other: **Waiting on records from third-parties.**

(d) Please provide a brief statement in support of each of the reasons identified above:

**Both the Plaintiff and Defendant request additional time—an extra**

**40 days, for a total of 180 days—to complete discovery. This case will involve obtaining medical records and other documents from third-parties and government agencies, which will likely necessitate additional time to obtain and review those records. In addition, additional time may be needed for depositions and written discovery once the third-party records have been obtained.**

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

   (a) Identify the party or parties requesting such limits:

   **None.**

   (b) State the nature of any proposed limits:

   **Not applicable.**

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule26(f) conference |
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

   (a) Identify the party or parties requesting the modification:

**None.**

(b) State which deadline should be modified and the reason supporting the request:

**Not applicable.**

9. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

**Both parties will seek discovery of electronically stored information, including emails and data saved and maintained by hard drive or cloud storage. The parties have agreed that discovery requests relating to electronically stored items will be reasonably precise. The parties believe that all relevant electronically stored information in the possession of the parties can be searched and produced by the parties to the extent required under the court rules; and that discovery of electronically stored information can be handled within the usual discovery procedures. In the absence of agreement on issues regarding discovery of electronically stored information, the party seeking discovery shall initiate the Court's procedure for resolving discovery disputes.**

(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

**None.**

l0. If the case is known to involve claims of privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after

production of either electronic or other discovery material:

**The parties have discussed preparing and submitting a proposed protective order in this case concerning the production of confidential information. The parties will submit a proposed order for the Court's consideration.**

(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

**None**

(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

**None**

11. State any other matters the Court should include in its scheduling order:

**None**

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

**The parties certify that they have discussed the nature of the claims and defenses and the possibilities for prompt settlement or resolution of the case. The parties remain open to discussing the possibility of settlement, if appropriate circumstances arise, and there are no specific impediments to settlement at this time.**

Respectfully submitted this the 5th day of March 2024.

/s/ Sheri Bagheri
Sheri Bagheri
HKM Employment Attorneys, LLP

/s/ Brian P. Pezza (with permission)
Gary R. Kessler
Georgia Bar No. 416562

3344 Peachtree Road NE,
Suite 800 (Office #35)
Atlanta, Georgia 30326
Telephone: 404-618-3966
sbagheri@hkm.com

*/s/* Chase Estes
Chase Estes, *pro hac vice*
HKM Employment Attorneys, LLP
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Telephone: 205-855-5284
cestes@hkm.com

Counsel for Plaintiff

GARY R. KESSLER, P.C.
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Telephone: (404) 909-8100
Facsimile: (404) 909-8120
gkessler@martensonlaw.com

Brian P. Pezza, *pro hac vice*
Taylor J. Essner, *pro hac vice*
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7656
Facsimile: (314) 612-7656
bpezza@lewisrice.com
tessner@lewisrice.com

Counsel for Defendant